NICOLÁS HERNÁNDEZ & CO., DEMANDANTE Y APELADA, *v.* STANDARD MILLING COMPANY O HOUSTON RICE COMPANY, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de dinero.

No. 2446.—Resuelto en marzo 30, 1922.

*Estoppel*—COMISIONISTA.—En el presente caso la corporación demandada, "Standard Milling Company, había nombrado a la mercantil demandante agente suya y le enviaba sus artículos bajo el nombre de "Houston Rice Company." Apelada la sentencia que condenó a la demandada a pagar a la demandante el importe de comisiones devengadas por venta de arroces de la "Houston Rice Company," *se resolvió:* que demostrando la prueba que la demandada indujo a creer con sus actos a la demandante que era con ella y no con la "Houston Rice Company" con quien realizaba sus negociaciones, está impedida de negar su responsabilidad y por tanto queda obligada al pago.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. L. Muñoz Morales* y *L. Villaronga.*

Abogado de la apelada: *Sr. J. G. Torres.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El día 18 de septiembre de 1914 fué organizada en Texas una corporación con el nombre de "Houston Rice Company." Con anterioridad a esta fecha, sin embargo, la "Standard Milling Company," de Texas, demandada en este caso, había nombrado a la mercantil demandante agente suya y le enviaron sus artículos bajo el nombre de "Houston Rice Company." En otras palabras, antes del día 18 de septiembre de 1914, la "Standard Milling Company" hacía negocios en Puerto Rico con el nombre de "Houston Rice Company." Hay prueba abundante de esto; también de que los pagos de la demandante se hacían a la "Standard Milling Company," y que los agentes u oficiales de la "Standard Milling Company" con quienes la demandante se entendió primeramente siguieron siendo los agentes y oficiales con los cuales trató la de-

mandante en las fechas de las transacciones comprendidas en este pleito. No es tan importante, pero la prueba demuestra que las cuentas de la ''Houston Rice Company'' se llevaban en su mayor parte, si no todas, en los libros de la ''Standard Milling Company,'' y que se escribieron cartas a la mercantil demandante en el papel timbrado de la ''Standard Milling Company,'' respecto a negocios de la alegada ''Houston Rice Company,'' y otros detalles semejantes de menos importancia, pero todas eran cosas que tendían a confirmar la creencia original de la mercantil demandante de que estaba haciendo negocio con la ''Standard Milling Company.'' El socio gestor de la demandante declaró que nunca tuvo conocimiento o aviso de la existencia de una corporación llamada ''Houston Rice Company'' hasta la radicación de la contestación de la demandada y las circunstancias todas justifican su veracidad. Hay una parte muy importante de la prueba, o sea, la carta escrita en abril 10 de 1915, al parecer por la ''Standard Milling Company'' en la cual se hace un arreglo con la mercantil demandante, encontrándose entonces el socio gestor en la oficina de la demandada en Texas. Dicho socio gestor declaró que frecuentemente estaba en las oficinas de la ''Standard Milling Company,'' y en efecto que sus negociaciones fueron con los mismos oficiales con quienes él siempre trató. Los oficiales de las dos compañías eran prácticamente los mismos. Otras cosas se escribieron o hicieron a nombre de la ''Standard Milling Company'' después de la fecha de la incorporación. Hay asimismo prueba tendente a demostrar que si bien la ''Houston Rice Company'' tiene las mismas oficinas que la ''Standard Milling Company'' no existen signos exteriores que lo indiquen.

La teoría de la demandante, que fué corroborada enteramente, es que la ''Standard Milling Company'' creyó conveniente vender su arroz bajo varias razones sociales, cosa que era convenida por sus agentes y por tanto que la mer-

cantil demandante dirigía o siguió dirigiendo sus comunicaciones a la "Houston Rice Company." Hay prueba tendente a demostrar que los molinos de las dos compañías están situados en los mismos sitios, si es que no son idénticos. Existe prueba de que el arroz con el cuál comercian las dos compañías es el mismo.

La corte inferior declaró probado que las dos corporaciones eran idénticas y probablemente tiene razón. Véase el caso de *Alonso Riera y Cía.* v. *Luis Campillo, (página 297)*, 7 R. C. L. 27; pero fundamos nuestra confirmación en motivos algo distintos. Existe una corporación llamada "Houston Rice Company" pero no se ha demostrado que la demandante haya tenido ningunas negociaciones con ella. La demanda alega que la demandada hizo negocios bajo el nombre de "Houston Rice Company" y encontramos que esto es cierto. Todas las negociaciones de la mercantil demandante fueron con los oficiales y agentes de la "Standard Milling Company" y no hay prueba de que jamás se avisara a la demandante, o se le hiciera saber que existía la corporación "Houston Rice Company." Además, la "Standard Milling Company," por la conducta de sus oficiales y agentes no puede negar que ella continuó negociando con la mercantil demandante. Se hizo creer a esta firma que negociaba con la "Standard Milling Company" y pudo muy bien haberse negado a hacer negociaciones con la "Houston Rice Company, Inc.," que era una mercantil más pequeña y posiblemente de menos responsabilidad.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.